Matter of Asandrov (2019 NY Slip Op 09228)





Matter of Asandrov


2019 NY Slip Op 09228


Decided on December 20, 2019


Appellate Division, Fourth Department


Per Curiam



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 20, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, CURRAN, AND WINSLOW, JJ. (Filed Dec. 20, 2019.)


&em;

[*1]MATTER OF LOUIS ASANDROV, AN ATTORNEY, RESPONDENT. GRIEVANCE COMMITTEE OF THE SEVENTH JUDICIAL DISTRICT, PETITIONER.



OPINION AND ORDER
Order of disbarment entered.
Per Curiam
Opinion: Respondent was admitted to the practice of law by this Court on June 28, 1984, and his attorney registration information on file with the Office of Court Administration indicates that he maintains an office in Rochester. In July 2018, the Grievance Committee filed a petition alleging four charges of misconduct against respondent, including neglecting a client matter, engaging in self-interested business transactions with a client, and making false statements during the investigation of the Grievance Committee. Respondent filed an answer denying material allegations of the petition, and this Court appointed a referee to conduct a hearing. Following the hearing, the Referee filed a report sustaining the charges and making an advisory finding that respondent owes restitution to one client in the amount of $10,000 as a result of the self-interested business transactions. The Grievance Committee moves to confirm the factual findings of the Referee and for a final order of discipline. Respondent cross-moves for an order reopening the hearing and remitting the matter to the Referee for further fact finding on certain issues.
With respect to charge one, the Referee found that, in April 2015, respondent accepted a retainer fee in the amount of $5,000 to represent a client in a pending criminal matter, including an appeal of any resulting conviction. The client was subsequently convicted after a jury trial and sentenced to a term of 3½ years' incarceration. The Referee found that, although respondent filed a notice of appeal on behalf of the client, respondent thereafter failed to take further action on the appeal or to respond to numerous inquiries from the client regarding the matter over an extended period of time.
The Referee also found that, at about the same time that respondent agreed to represent the client in the criminal matter, respondent agreed to sell to the client certain real property located in Rochester for $26,000. The Referee found that, although respondent had purchased the property in 2012 and thereafter failed to pay certain property taxes, respondent failed to make the requisite written disclosures to the client concerning the transaction, such as the nature of respondent's personal interest therein, the advisability of the client seeking independent legal counsel, or the fact that the property was burdened by delinquent taxes. The Referee found that, instead, respondent advised the client that the client did not need an attorney for the transaction. The Referee also found that, although respondent accepted from the client funds in the amount of $26,000, respondent failed to conduct a formal real estate closing or to provide the client with a deed or other written proof of ownership pertaining to the property. The Referee found that, over the next two years, respondent engaged in a series of deceitful and self-interested acts with respect to the property, without notice to the client, that were prejudicial to the rights of the client. For instance, the Referee found that, in August 2015, respondent met with the client's spouse at respondent's law office and requested that the spouse take and file a quit claim deed that falsely stated that the client had given consideration of only one dollar for the property and that the client had agreed to accept title to the property subject to the delinquent taxes. The Referee additionally found that, in 2015 and 2016, respondent commenced pro se bankruptcy proceedings, wherein he listed the delinquent property taxes for the property as his own liability and failed to disclose that the property had been sold to the client for $26,000. The Referee further found that, in November 2016, respondent formed a corporation, which was solely owned by respondent, and filed a quit claim deed transferring the property to the corporation. The Referee found that, shortly thereafter, respondent commenced a bankruptcy proceeding on behalf of the corporation, wherein he listed the delinquent property taxes for the property as a liability of the corporation. The Referee also found that, in 2017, respondent became aware that the property was the subject of an in rem tax foreclosure proceeding, but he failed to notify the client of that proceeding or to otherwise take action to protect the client's interest in the property. The Referee found that, after respondent learned that a judgment of foreclosure with respect to the property had been entered in August 2017, he filed a quit claim deed transferring the property from the solely owned corporation to his sister and, shortly thereafter, respondent commenced a [*2]bankruptcy proceeding on behalf of his sister, wherein he listed the property as one of her assets and the delinquent property taxes as one of her liabilities. The Referee found that, although respondent attended a tax foreclosure sale in September 2017 in which the property was sold to a third party, respondent failed to advise the client that the property was now owned by a third party, and the client first learned of the foreclosure sale through subsequent actions taken by the purchaser. The Referee found that the client thereafter obtained copies of the aforementioned quit claim deeds that had been filed by respondent over the previous two years, which prompted the client to file a grievance complaint against respondent in February 2018.
Charge two concerns respondent's alleged misconduct during the Grievance Committee's investigation of the allegations in charge one. The Referee found that, in May 2018, respondent submitted to the Grievance Committee an initial written response to the client's grievance complaint, wherein respondent generally denied any wrongdoing with respect to the real property transaction at issue in charge one. The Referee found that respondent subsequently met with the client, who was incarcerated at the time, and offered to transfer to the client and his spouse a replacement property in exchange for the client withdrawing his grievance complaint against respondent. The Referee found that the client accepted the offer and thereafter ceased assisting the Grievance Committee in its investigation. The Referee also found that respondent subsequently made various false or misleading statements to the Grievance Committee regarding his contacts with the client and the circumstances surrounding the transfer of the replacement property. The Referee additionally found that respondent failed to make any written disclosures to the client concerning the transfer of the replacement property, such as the nature of respondent's personal interest in the transaction or the advisability of the client seeking independent legal counsel; nor did respondent obtain from the client informed consent, confirmed in writing, to the terms of the transaction or respondent's interest therein. Inasmuch as the replacement property, at the time of the hearing, had an assessed value that was $10,000 less than the amount that the client paid for the original property in 2015, the Referee made an advisory finding that respondent owes restitution to the client in the amount of $10,000.
With respect to charge three, the Referee found that, from 2012 through 2017, respondent commenced a series of pro se and other bankruptcy proceedings, including the bankruptcy proceedings at issue in charge one, wherein respondent made false or misleading statements and omitted information concerning material matters. The Referee also found that, in some of those proceedings, respondent acted with an intent to deceive Bankruptcy Court, in bad faith, or in an effort to obtain an unlawful stay of the foreclosure proceedings related to the real property referenced in charge one or other properties purportedly owned or controlled by respondent, his solely owned corporation, or his sister.
With respect to charge four, the Referee found that, in 2014, respondent accepted funds in the amount of $1,000 to prepare and file a quit claim deed on behalf of a client for Medicaid planning purposes. The Referee found that, although respondent prepared the deed in a timely fashion, he subsequently failed to record the deed or to respond to several inquiries from the client regarding the matter.
We confirm the factual findings of the Referee inasmuch as they are supported by the record, which includes respondent's admissions in this proceeding and the substantial documentary proof received in evidence during the hearing. We also deny respondent's cross motion to reopen the hearing inasmuch as the cross motion fails to identify any issue on which further proceedings are warranted. We have considered the remaining contentions set forth in respondent's cross motion and conclude that they lack merit.
We conclude that respondent has violated the following Rules of Professional Conduct (22 NYCRR 1200.0):
rule 1.3 (a)—failing to act with reasonable diligence and promptness in representing a client;
rule 1.3 (b)—neglecting a legal matter entrusted to him;
rule 1.7 (a) (2)—representing a client in a matter in which there will be a significant risk that the lawyer's professional judgment on behalf of a client will be adversely affected by the lawyer's own financial, business, property or other personal interests, without obtaining from the affected client informed consent, confirmed in writing;
rule 1.8 (a)—entering into a business transaction with a client wherein the lawyer and client have differing interests and the client expects the lawyer to exercise professional judgment [*3]for the protection of the client;
rule 8.4 (b)—engaging in illegal conduct that adversely reflects on his honesty, trustworthiness, or fitness as a lawyer;
rule 8.4 (c)—engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation;
rule 8.4 (d)—engaging in conduct that is prejudicial to the administration of justice; and
rule 8.4 (h)—engaging in conduct that adversely reflects on his fitness as a lawyer.
Although the Grievance Committee alleges that respondent also violated rule 4.3, we decline to sustain that alleged rule violation inasmuch as it is not supported by the record.
In determining an appropriate sanction, we have considered that respondent has a substantial grievance history that includes a public censure imposed by this Court (Matter of Asandrov, 99 AD3d 159 [4th Dept 2012]), a letter of admonition, and six non-disciplinary letters of caution or advisement issued by the Grievance Committee. We have also considered the Referee's findings in aggravation of the charges, including that the misconduct herein was the result of respondent's intentional dishonesty and deceit and that respondent lacked candor throughout this proceeding, including in a written response submitted to the Grievance Committee during the investigation, his testimony during examinations under oath conducted by the Grievance Committee, his testimony during the hearing before the Referee, and his written response to the charges. We have also considered that respondent has engaged in a lengthy course of self-interested and deceitful conduct that resulted in substantial harm to a client. Accordingly, we conclude that respondent is unfit to practice law and should be disbarred. We deny, however, the request of the Grievance Committee for an order, pursuant to Judiciary Law § 90 (6-a), directing respondent to pay restitution in the amount of $10,000 in relation to the real estate transactions at issue in charges one and two. The record does not establish that respondent "wilfully misappropriated or misapplied money or property in the practice of law" within the meaning of Judiciary Law § 90 (6-a).